# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

RANA D. GROH,

        Plaintiff,

                                                     Civil Action 2:10-cv-00918

vs.                                            Judge Edmund A. Sargus, Jr.

                                                   Magistrate Judge E.A. Preston Deavers

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

        Defendant.

_____

SAPPHIRE STRAQUADINE,

        Plaintiff,

                                                     Civil Action 2:10-cv-00919

vs.                                            Judge Edmund A. Sargus, Jr.

                                                   Magistrate Judge E.A. Preston Deavers

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

        Defendant.

## OPINION AND ORDER

        This matter is before the Court for consideration of Defendant's Motions to Consolidate (Case No. 2:10-cv-00918, ECF No. 8; Case No. 2:10-cv-00919, ECF No. 10), Plaintiff Rana D. Groh's Memorandum Contra (Case No. 2:10-cv-00918, ECF No. 11), Plaintiff Sapphire Straquadine's Memorandum Contra (Case No. 2:10-cv-00919, ECF No. 13), and Defendant's Replies (Case No. 2:10-cv-00918, ECF No. 12; Case No. 2:10-cv-00919, ECF No. 14). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART WITHOUT**

**PREJUDICE** Defendant's Motions to Consolidate.

## I.

These personal injury actions arise out of a collision in which a vehicle driven by Jeffrey Allison collided with a vehicle operated by Plaintiff Straquadine.  Plaintiff Groh was a passenger in Plaintiff Straquadine's vehicle.  Both Plaintiffs sustained injuries.  Plaintiff Straquadine was insured under a policy issued by Defendant.  Plaintiffs filed separate actions in state court on September 9, 2010, seeking to recover damages from Defendant under the underinsured motorists provisions of Plaintiff Straquadine's policy with Defendant.  Additionally, both Plaintiffs assert that they are entitled to damages in light of Defendant's refusal to negotiate their claims in good faith.  Defendant, State Farm Mutual Automobile Company, removed these actions to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

In the subject Motions to Consolidate, Defendant asserts that these actions should be consolidated in the interests of judicial efficiency.  Defendant explains that these actions are related in the following ways:  both cases pertain to the same accident; both Plaintiffs were riding in the same car; both Plaintiffs are making uninsured motorists claims under the same insurance policy; and counsel for Plaintiffs and Defendant are identical in both cases.  Plaintiffs oppose consolidation, asserting that it would result in jury confusion due to the major differences in their pre-existing conditions and the injuries they sustained.  Plaintiffs explain that the question of liability will likely be stipulated, leaving the jury to resolve only uncommon questions of fact concerning Plaintiffs' medical issues.

## II.

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact.  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993); *Mitchell v. Dutton*, Nos. 87-5574, 87-5616, 87-5632, 87-5638, and 87-5647, 1989 WL 933, at *2 (6th Cir. Jan. 3, 1989).  Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties."  *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992) (internal quotation marks and citation omitted).  In *Cantrell*, the Sixth Circuit Court of Appeals advised that "the decision to consolidate is one that must be made thoughtfully . . . . [c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage."  999 F.2d at 1011.  If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny."  *Id.*  The *Cantrell* Court further instructed that a court should consider:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted)).

3

**III.**

The Court **GRANTS IN PART** Defendant's Motions to Consolidate, consolidating these actions for purposes of discovery only.  It is undisputed that these actions are related in the manner Defendant suggests.  Thus, consolidation at the discovery phase will serve the interests of judicial economy.  Plaintiffs' opposition to consolidation is premised entirely upon their contention that jury confusion may result from consolidating the matters for trial.  At this juncture, in light of Plaintiffs' concerns, the Court **DENIES IN PART WITHOUT PREJUDICE** Defendant's Motions to Consolidate, such that these actions are not consolidated for purposes of trial, subject to the District Judge's reconsideration of consolidation for trial following discovery.[1]

**IT IS SO ORDERED.**

January 3, 2011                                    /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge

---

[1]Defendant anticipates filing a Motion for Summary Judgment, which is due on or before January 30, 2011, with respect to whether Plaintiff Groh is covered under the insurance policy at issue in these cases.  If the Court grants Defendant's motion, the matter of consolidation for trial becomes moot.

4