IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANA D. GROH,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.

      Defendant.

Case No. 2:10-CV-918

JUDGE SARGUS

MAGISTRATE JUDGE KING

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's Motion for Summary Judgment (Doc. 14). For the reasons set forth herein, Defendant's motion is **GRANTED**.

**I.**

Plaintiff Rana D. Groh ("Groh") brings claims against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), insurer of Sapphire Straquadine, the driver of the car Groh was occupying at the time of an accident, for improperly denying Groh's claim for compensation under Straquadine's policy.

The facts in this case are not in dispute as the issues arise out of the language of insurance policies underwritten by State Farm and 21st Century Insurance Company ("21st Century"), the insurance provider for Groh's mother, Kimberly Merritt ("Merritt"). The Parties have stipulated to the following facts: On May 30, 2008, Groh was injured in an automobile accident while riding as a passenger in a vehicle that was owned by Donna Straquadine and driven by her daughter, Sapphire Straquadine. (Stipulation ¶ 1.) The accident was caused by the negligence of

another motorist, Jeffrey Allison ("Allison"), who struck the rear end of the Straquadine vehicle. (Stipulation ¶ 2.)

At the time of the accident, Allison was insured for liability by Nationwide Insurance Company ("Nationwide") with coverage limits of $25,000 per person and $50,000 per accident. (Stipulation ¶ 3.) The Straquadine vehicle was insured by State Farm with uninsured/underinsured motorist ("UM/UIM") coverage limits of $100,000 per person and $300,000 per accident. (Stipulation ¶ 9.) Merritt, with whom Groh was living when the accident occurred, was insured for UM/UIM coverage by 21st Century with limits of $12,500 per person and $25,000 per accident. (Stipulation ¶¶ 6–7.) On April 30, 2010, Nationwide offered Groh its "per person" limit of $25,000 in the form of a settlement, and Groh accepted the offer. (Stipulation ¶ 5.) Shortly thereafter, Groh asserted a claim for UM/UIM coverage under the Straquadine's State Farm policy. (Stipulation ¶ 12.) The claim was denied by State Farm, which determined that Groh did not qualify as an insured under the policy. (Stipulation ¶ 13.)

Groh initially filed this action in the Court of Common Pleas of Belmont County, claiming that State Farm improperly denied her request for coverage under the Straquadine's policy. State Farm opted to remove the case to this Court, (Doc. 1), and now moves for summary judgment.

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986);

2

*Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587–88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

3

**III.**

The Ohio Supreme Court has said that "when the language in an insurance policy is clear and unambiguous, [a court] must enforce the contract as written and give the words their plain and ordinary meaning." *Cincinnati Indem. Co. v. Martin*, 710 N.E.2d 677, 679 (Ohio 1999) (citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 597 N.E.2d 1096, 1102 (Ohio 1992)). The applicable provision of the UM/UIM portion of the State Farm policy defines the term "insured" to include "any other ***person*** who is not insured for uninsured motor vehicle coverage under another vehicle policy while ***occupying your car*** . . . ." (Stipulation, Ex. C at 32 (emphasis in original).)

State Farm maintains that Groh did not meet the definition of insured under the UM/UIM provision because, at the time of the accident, she was covered by the UM/UIM provision of Merritt's 21st Century policy. Groh, however, asserts that she was not covered by the provisions of her mother's UM/UIM coverage while a passenger in the Straquadine vehicle. She further contends that any coverage to which she was entitled under the 21st Century policy was nullified because of her acceptance of the settlement offer from Nationwide without 21st Century's consent. Accordingly, in ruling on State Farm's motion for summary judgment, this Court must answer two questions: (1) was Groh covered under her mother's UM/UIM policy with 21st Century at the time of the accident, and (2) if she were, but forfeited her right to recover because of her settlement with Nationwide, was she thereby rendered an "insured" as a person "who is not insured for uninsured motor vehicle coverage under another vehicle policy" per the terms of the State Farm policy?

### A.

There is no argument between the parties that an insurance provider has a right to define who is insured under their policy for UM/UIM coverage. Nor is there any dispute as to whether State Farm has a right to define insured persons in such a manner as it has. However, disagreement arises between the parties as to whether Groh was insured for UM/UIM motor vehicle coverage under Merritt's 21st Century policy at the time of the accident. If Groh had UM/UIM coverage under Merritt's policy, she will not be an insured under State Farm's policy.

Groh has admitted to being an insured under her mother's policy with 21st century. The inquiry, however, does not end there. (Stipulation ¶ 7.) Groh argues that, although she may be a named insured on her mother's policy, she was not insured for UM/UIM coverage under the policy. Thus, this Court must decide whether Groh was insured for UM/UIM coverage under Merritt's 21st Century policy at the time of the accident. Under 21st Century's UM/UIM coverage section, insured persons are defined to include: "a *relative* while *occupying* an *insured auto*, an *additional insured motor vehicle*, or, while not *occupying* a motor vehicle, when struck by a motor vehicle." (Stipulation, Ex. A at 10 (emphasis in original).) The policy goes on to define "additional insured motor vehicle" as "an *auto* not *owned* nor available for regular use by *you*, a *relative* or a *resident* of the same household in which *you reside*, *used* with the permission of the owner." (Stipulation, Ex. A at 10 (emphasis in original).) The policy defines a relative as "any person related to *you* by blood, marriage or adoption who is a *resident* of the same household in which *you reside.*" (Stipulation, Ex. A at 6 (emphasis in original).) Groh is clearly a relative of Kimberly Merritt since she is her daughter and resided with her at the time of the accident. (Stipulation ¶ 6). Also, Groh was occupying the Straquadine vehicle as a passenger at the time of the accident. Therefore, the only issue left to be resolved is whether the

5

Straquadine's car was considered an "additional insured motor vehicle" as defined in the policy.

Groh has not provided any evidence or even claimed that the Straquadine vehicle was owned or available for regular use by her or her mother, thus only the language "used with the permission of the owner" needs to be interpreted. If the vehicle was being used with the permission of the owner, then Groh will be considered an "insured" under her mother's policy with 21st Century. The 21st Century policy defines "use" as "operating, maintaining, loading or unloading." (Stipulation, Ex. A at 6.) Again, Groh does not argue, nor is there evidence that suggests that Sapphire Straquadine was operating the vehicle without the permission of her mother, Donna Straquadine. Accordingly, the vehicle is an "additional insured motor vehicle" that was occupied by Groh, a relative of Merritt, and because of this, Groh was an insured under the 21st Century UM/UIM coverage at the time of the accident.

**B.**

The Court next considers whether Groh was "insured" for UM/UIM coverage within the meaning of the State Farm policy given that she accepted a settlement from Nationwide without the written consent of 21st Century. The 21st Century policy states that uninsured motorist coverage does not apply "if, without [21st Century's] written consent, there is a settlement with or judgment against any *person* or organization who may be liable for such damages." (Stipulation, Ex. A at 11.) Groh claims that since she accepted Nationwide's settlement offer of $25,000 without the permission of 21st Century, she is no longer covered by their policy, and therefore can recover under the Straquadine's State Farm policy.

In *Ashcraft v. Grange Mutual Casualty Co.*, No. 07AP-943, 2008 WL 852598 (Ohio Ct. App. Mar. 31, 2008), the plaintiff was a passenger in a car involved in an accident and was covered under his wife's insurance policy. However, his wife's policy had a limit of $12,500, as

6

did the tortfeasor's. *Id.* at *1. The plaintiff recovered $12,500 from the tortfeasor, completely offsetting any funds he would have received from his wife's policy. *Id.* The plaintiff sought to recover funds from the insurance company of the driver of the car in which he was riding, which had limitations nearly identical to those in the State Farm policy at issue here. The Court in *Ashcraft* ruled that "the fact that the tortfeasor's liability coverage was equal to the policy limits of the plaintiff's insurance carrier does not change his or her status to uninsured under that carrier's policy." *Id.* at *3. In so ruling, the Court followed the rulings of earlier cases which held that inability to receive compensation from an individual's own insurance provider after an accident does not mean that an individual is no longer an insured under that policy. *See, e.g., Watkins v. Grange Mut. Cas. Co.,* No. 1-06-95, 2007 WL 2410099, at *3 (Ohio Ct. App. Aug. 27, 2007).

In *Watkins,* the Court, facing a similar factual situation as found in *Ashcraft*, held that, although the tortfeasor's coverage off-set any recovery from the accident victim's own insurance policy, it did not "change her status to uninsured" under the policy at issue. *Id.* at *3. In sum, Ohio courts have held that if an individual becomes ineligible for compensation under his or her own policy after receiving benefits from a tortfeasor's policy, he or she does not become uninsured for purposes of recovering under other policies. Therefore, Groh cannot claim to be uninsured under her mother's policy simply because she did not receive any funds from it and may now be ineligible to do so.

The Court further notes that Groh only became presumably ineligible for recovery under the 21st Century policy after the accident occurred. As determined in Part III.A *supra*, at the time of the accident, Groh was an insured under her mother's policy. The UM/UIM provision of the State Farm policy defines insured individuals to include "[a]ny other ***person*** who is not

7

insured for uninsured motor vehicle coverage under another vehicle policy ***while occupying your car***." (*See* Stipulation, Ex. C. at 32 (some emphasis added).)  Groh was insured under her mother's policy at the time she occupied Straquadine's car because the settlement only occurred after the accident.  The fact that she presumably is no longer eligible to recover from 21st Century is irrelevant.

### IV.

For the forgoing reasons, Defendant's Motion for Summary Judgment (Doc.14) is **GRANTED**.  The Clerk is directed to enter judgment in favor of Defendant and close this matter.

**IT IS SO ORDERED.**


8-9-2011
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE